CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR -4 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HAMEEN SHAHID IRVIN, ) | Civil Action No. 7:16-cv-00090 | |
|     Petitioner, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| COMMONWEALTH OF VIRGINIA, ) | By: Hon. Jackson L. Kiser | |
|     Respondent. ) | Senior United States District Judge | |

Hameen Shahid Irvin, a Virginia pretrial detainee proceeding pro se, filed a petition construed as arising under 28 U.S.C. § 2241. Petitioner complains that a state court in Roanoke County, Virginia, has not ordered a competency hearing during his pending state criminal proceeding. Petitioner acknowledges he is represented by counsel in the state criminal proceeding.

A habeas petitioner may challenge his custody as a pretrial detainee via 28 U.S.C. § 2241. Although § 2241 does not expressly require exhaustion of state law remedies, concerns of comity and federalism necessitate the exhaustion of state court remedies when a state pretrial detainee seeks release from custody for pending state criminal charges. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973); Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975). Absent extraordinary circumstances, federal courts must not interfere with pending state criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-70 (1898); Taylor v. Taintor, 83 U.S. 366, 370 (1873). Federal district courts should abstain from constitutional challenges to state judicial proceedings, regardless of a claim's merits, if the federal claims could be presented in the ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52-53 (4th Cir. 1989). Furthermore, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits a federal

court from enjoining the proceedings from which Petitioner seeks relief. Moreover, a federal court lack jurisdiction to grant mandamus relief against state officials or state agencies. Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969). "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc).

I find that Petitioner has state court remedies available to him, no extraordinary circumstances exist in this case, and I may not interfere with ongoing state criminal proceedings. Accordingly, I dismiss the petition without prejudice pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This ____ day of March, 2016.

Senior United States District Judge